UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| GLOBAL BRAND HOLDINGS, LLC, a New York limited liability company, | ) ) ) ) |
| PLAINTIFF, | ) ) |
| v. | ) ) ) |
| ADVANCED BEAUTY, INC., a Texas corporation, | ) ) ) |
| DEFENDANT. | ) ) ) |

ECF Case
Civil Action No.

COMPLAINT

Jury Trial Demanded

        Plaintiff Global Brand Holdings, LLC ("Global" or "Plaintiff"), for its complaint against

the Defendant Advanced Beauty, Inc. ("Advanced" or "Defendant"), by and through its

undersigned counsel, states as follows on knowledge as to Plaintiff and otherwise on information

and belief:

## THE PARTIES

        1.        Global is a limited liability company organized and existing under the laws of the

State of New York, with a business address located at 1407 Broadway, New York, New York

10018, engaged in the worldwide marketing of clothing, cosmetics, and related goods under the

XOXO brand.

        2.        On information and belief, Defendant is a corporation organized and existing

under the laws of the State of Texas, with a business address located at 5501 LBJ Freeway, Suite

900, Dallas, Texas 75240.

3.      On information and belief, Defendant is in the business of manufacturing and marketing health and beauty products, including cosmetics and related goods, and sells its products nationally.

## JURISDICTION AND VENUE

4.      This action arises under the Lanham Act, 15 U.S.C. § 1501 et seq., including §§ 1114 and 1125, and under the laws of the State of New York.

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a). This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

6.      This Court has personal jurisdiction over Defendant because Defendant transacts business within this State and judicial district, regularly does or solicits business within this State and judicial district, derives substantial revenue from intra-state and inter-state commerce, has committed tortious acts having injurious consequences within this State and judicial district, and because Defendant expected or should have reasonably expected its tortious acts to have injurious consequences within this State and judicial district.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## FACTS COMMON TO ALL COUNTS

## Global's XOXO Brand

8.      Global is the exclusive owner of the XOXO trademark, used for an expansive array of products internationally. Global owns several U.S. trademark registrations for XOXO for products including men's, women's and children's clothing and shoes, luggage and handbags, eyeglasses and sunglasses, jewelry and watches, hair accessories, perfumes, toiletries

and cosmetics, and related goods and services, with dates of first use in commerce beginning as early as April 1991.

9.  The following is a listing of Global's U.S. trademark registrations:

a.  XOXO LUV, U.S. Registration No. 4,569,426, for body cream, body lotion, body wash, eau de toilette, fragrances, perfumes, and shower gel in International Class 3, issued on July 14, 2014.

b.  XOXO MI AMORE (stylized), U.S. Registration No. 4,451,971, for fragrances, perfumes, eau de toilette, body lotion, body cream, body wash and shower gel in International Class 3, issued on December 17, 2013

c.  XOXO, U.S. Registration No. 3,555,477, for textile goods, namely, comforters, duvets, quilts, oven mitts, bed linen, bath linen, pillow cases, bed covers, bedspreads, table cloths, textile napkins, sheets, namely, bed sheets, shams, dust ruffles, throws, coverlets, bed blankets; window draperies and accessories, namely, curtains, drapes, towels, wash cloths and shower curtains, in International Class 24, issued on December 30, 2008. This registration is incontestable.

d.  XOXO, U.S. Registration No. 3,455,799, for clothing for humans in the nature of baby doll pajamas, bras, boxer shorts, camisoles, chemises, dresses, headbands, lingerie, loungewear, pajamas, panties, shorts and briefs being underwear, robes, skirts, sleepwear and tank tops; headbands in International Class 25, and for hair accessories, namely, barrettes, bobby pins, hair bands, hair slides, hair sticks, hair ornaments in the form of combs, hair pins, hair ornaments, hair wraps, ponytail holders, salon hair clips, and snap clips in International Class 26, issued on June 24, 2008. This registration is incontestable.

3

e.  XOXO, U.S. Registration No. 3,234,559, for bedding and pillows in International Class 20, issued on April 24, 2007. This registration is incontestable.

f.  XOXO, U.S. Registration No. 2,960,690, for perfumes, toiletries, and cosmetics, namely, lipstick, eyeliner, mascara and nail polish in International Class 3, issued on June 7, 2005. This registration is incontestable.

g.  FRAGILE BY XOXO, U.S. Registration No. 2,556,155, for eyeglasses and sunglasses in International Class 9, issued on April 2, 2002. This registration is incontestable.

h.  XOXO, U.S. Registration No. 2,436,377, for women's and children's shoes in International Class 25, issued on March 20, 2001. This registration is incontestable.

i.  XOXO JEANS, U.S. Registration No. 2,320,710, for women's and children's clothing, namely jeans, dresses, skirts, shorts, jacket, shirts, pants, blouses, vests, blazers, jeans, overalls, sweatshirts, sweatpants, tank-tops, tee-shirts, hats in International Class 25, issued on February 22, 2000. This registration is incontestable.

j.  XOXO, U.S. Registration No. 2,456,625, for jewelry, watches and other horological and chronometric instruments, namely clocks, in International Class 14, issued on June 5, 2001. This registration is incontestable.

k.  XOXO, U.S. Reg. No. 2,370,004, for retail clothing store services in International Class 35, issued on July 25, 2000. This registration is incontestable.

l.  XOXO, U.S. Reg. No. 2,269,840, for eyeglasses and sunglasses in International Class 9, issued on August 10, 1999. This registration is incontestable.

m. XOXO, U.S. Reg. No. 2,102,098, for luggage, handbags, purses all made from leather, imitations of leather and other material in International Class 18, issued on September 30, 1997. This registration is incontestable.

n. XOXO, U.S. Reg. No. 2,009,243, for clothing, namely, men's, women's and children's shirts, shorts, pants, jackets, T-shirts, sweatshirts, hats, socks, sweaters and swimwear, in International Class 25, issued on October 22, 1996. This registration is incontestable.

10.     Of particular pertinence, three U.S. trademark registrations from the above list cover bath and body care products, toiletries, fragrances and cosmetics, as follows. Copies of Global's registration certificates for these marks are attached as Exhibit A:

a. XOXO, for perfumes, toiletries, and cosmetics, namely, lipstick, eyeliner, mascara and nail polish, in International Class 3 (Reg. No. 2,960,690), used since at least December 2004, and which has achieved incontestable status;

b. XOXO MI AMORE (stylized) for fragrances, perfumes, eau de toilette, body lotion, body cream, body wash and shower gel, in International Class 3 (Reg. No. 4,451,971), used as early as January 2012; and

c. XOXO LUV for body cream, body lotion, body wash, eau de toilette, fragrances, perfumes, and shower gel, in International Class 3 (Reg. No. 4,569,426), used as early as November 2013.

11.     Global has numerous foreign registrations for the XOXO trademark as well, in International Class 3, among others. The following list is a selection representative of Global's international trademark portfolio:

a. <u>Argentina</u>: XOXO, Reg. No. 2,544,432, for soaps, perfumery, essential oils, cosmetics, and hair and body lotions, in International Class 3, issued on December 7, 2012.

b. <u>Australia</u>: XOXO, Reg. No. 718,631, for soaps, perfumery, cosmetics, essential oils, creams and lotions, all for the skin, preparations for the skin and hair, antiperspirants and deodorants, all for personal use, non-medicated toilet preparations, and dentifrices, in International Class 3; ophthalmic eyewear, sunglasses, and eyeglasses, in International Class 9; watches, clocks, horological and chronometric instruments, jewelry, and parts and fittings for the aforesaid goods, in International Class 14; and bags, luggage, traveling bags and cases, wallets and purses, umbrellas, parasols and walking sticks, trunks, haversacks, backpacks, briefcases, handbags, shopping bags, holdalls, school bags, school satchels, and beach bags, in International Class 18; issued on September 30, 1996.

c. <u>Brazil</u>: XOXO, Reg. No. 830,340,700, in International Class 3, issued on April 17, 2012.

d. <u>Canada</u>: XOXO, Reg. No. TMA766,791, in International Class 3, issued on May 13, 2010.

e. <u>China</u>: OXOXO & heart device, Reg. No. 7,427,329, for perfumes, cosmetics, lipsticks, eyeliners, eyelashes, dyeing oils, nail oils, shaving cream, hair lotions, shampoo, hair conditioners, deodorants for personal use, in International Class 3, issued on September 28, 2010. Also, XOXO, Reg. No. 1,437,264, for perfume, cosmetics, lipsticks, eyeliners, mascara, nail polish, toiletries, soaps, toiler water,

shaving cream, and hand cream, in International Class 3, issued on August 28, 2000.

f.  <u>European Union (CTM)</u>: XOXO, Reg. No. 008,254,989, for bleaching preparations and other substances for laundry use, cleaning polishing, scouring and abrasive preparations, soaps, perfumery, essential oils, cosmetics, hair lotions, dentifrices, in International Class 3; scientific, nautical, surveying, electric, photographic, cinematographic, optical, weighing, measuring, signaling, checking (supervision), life-saving and teaching apparatus and instruments, apparatus for recording transmission or reproduction of sound or images, magnetic data carriers, recording discs, automatic vending machines and mechanisms for coin-operated apparatus, cash registers, calculating machines, data processing equipment and computers, fire-extinguishing apparatus, in International Class 9; precious metals and their allows and goods in precious metals or coated therewith, not included in other classes, jewelry, precious stones, horological and chronometric instruments, in International Class 14; leather and imitations of leather and goods made of these materials and not included in other classes, animal skins, hides, trunks and traveling bags, umbrellas, parasols and walking sticks, whips, harness and saddlery, in International Class 18; clothing, footwear and headgear in International Class 25; and advertising, business management, business administration, and office functions in International Class 35; issued on December 11, 2009. Also, XOXO MI AMORE, Reg. No. 010,777,274, for bleaching preparations and other substances for laundry use, cleaning, polishing,

scouring and abrasive preparations, soaps, perfumery, essential oils, cosmetics, hair lotions, dentifrices, in International Class 003, issued on August 13, 2012.

g. <u>Hong Kong</u>: XOXO, Reg. No. 301,727,370, in International Classes 3, 9, 18, and 35, issued on October 2, 2010; and XOXO, Reg. No. 199,900,385AA, in International Classes 3, 9, 18, 25, and 35, issued on January 13, 1999.

h. <u>India</u>: XOXO, Reg. No. 872,948, for bleaching preparations and other substances for laundry use, cleaning, polishing, scouring and abrasive preparations, soaps, perfumery, essential oils, cosmetics, hair lotions, dentifrices, in International Class 3, issued on August 24, 1999.

i. <u>Singapore</u>: XOXO, Reg. No. 13845/96, for perfumes, cosmetics and toiletries, in International Class 3, issued on December 27, 1996.

j. <u>South Africa</u>: XOXO, Reg. No. 96/18043, for soaps, perfumery, cosmetics, essential oils, creams and lotions, all for the skin, preparations for the skin and hair, antiperspirants and deodorants, all for personal use, non-medicated toilet preparations, dentifrices, in International Class 3, issued on January 10, 2000.

12.   Photographs of representative samples of Global's XOXO branded body care products are provided below:

  

13.     Advertisements for products bearing Global's XOXO mark, as well as news articles featuring the brand, have been published in major outlets over the years, including the LA Times, the New York Post, the Wall Street Journal, and Women's Wear Daily. Copies of selected advertising and press coverage related to the XOXO brand, as well as its body care products, are attached at Exhibit B.

14.     The XOXO brand has had advertising campaigns led by some of the most iconic models in fashion history, including Tyra Banks, Christy Turlington, Claudia Schiffer, Alessandra Ambrosio, Miranda Kerr, and Chrissy Teigen. See Exhibit B.

15.     The XOXO brand also achieved attention in the winter of 2009-2010 during an advertising campaign in New York City featuring two models living in a Fifth Avenue storefront window display for several days. See Exhibit B.

16.     Products bearing Global's XOXO family of marks have been sold nationwide in major retailers such as Macy's, Dillard's, Target, and Walmart, as well as online and in XOXO retail stores. Global's XOXO branded body care products are also sold at Target and Walmart, both online and in retail locations, as shown by the attached Exhibits C and D.

17.     As a result of widespread advertising, promotion, sale, and enforcement, the XOXO brand has become distinctive, indicating to the purchasing public a single source of origin with respect to the aforementioned clothing, accessories, cosmetics and body care products, and thereby distinguishing said items from those of competitors.

### Defendant's Infringing Conduct

18.     Defendant has been in the beauty industry since 2003, and markets fragrances, bath and body products, and hair care products.

19.    One of Defendant's brands is BODYCOLOGY, used for bath and body products as well as fragrances. There are several trademarks under which Defendant markets its BODYCOLOGY products, representing different fragrances or families of products.

20.    One of the trademarks under which Defendant markets its BODYCOLOGY products is "XOXO."

21.    Upon information and belief, Defendant first introduced its "XOXO" products in March 2013.

22.    Defendant uses the "XOXO" trademark to market body wash, body cream, body scrub, and fragrance products. Images of Defendant's "XOXO" products are provided below:



23.    Defendant's "XOXO" products are sold nationwide at major retailers such as Target, Walmart, and Walgreens, and are available both in stores and online, as can be seen at Exhibits C, D and E.

24.    Defendants' "XOXO" products are the same as, or closely related to, Global's body care products offered under the XOXO trademark. Furthermore, these products are sold in the same channels of trade – within the exact same stores – as Global's XOXO products, on a national level. See Exhibits C and D.

25.     Upon information and belief, Defendant sold its "XOXO" products to the aforementioned retailers knowing that those retailers have retail locations in this district, and with the intention that said "XOXO" products be sold to consumers in this district.

26.     Defendant was or should have been aware of the identity of its competitors, and furthermore Defendant knew or should have known which competing products its retail customers were selling. As a result, Defendant knew or should have known that Global's XOXO branded body care products were being sold in identical retail channels.

27.     Global, by its counsel, put Defendant on explicit notice of its infringement, by sending a cease and desist letter on July 22, 2014 informing Defendant that its use of the "XOXO" line of BODYCOLOGY products infringed upon Global's trademark rights in the XOXO brand for Class 3 goods, and demanding that Defendant cease from continued use of the "XOXO" name.

COUNT I
[INFRINGEMENT OF REGISTERED TRADEMARKS]

28.     Global repeats and realleges the allegations of paragraphs 1 through 27 as it fully set forth herein.

29.     Defendant, in manufacturing, marketing, advertising, offering for sale, and selling its "XOXO" line of body care products – the same trademark as Global's XOXO brand – is likely to cause confusion, mistake, or deception in commerce among members of the purchasing public and the trade as to the true source, origin, or sponsorship of Defendant's body care products.

30.     Defendant's acts violate Section 32 of the Lanham Act, 15 U.S.C. § 1114, and constitute trademark infringement.

31.     The mark "XOXO" as used by Defendant is identical with or substantially indistinguishable from Global's XOXO trademark, and is used for the identical goods for which Global has registered its mark.

32.     By reason of the acts of Defendant as alleged herein, Global has, and will, suffer irreparable damage to its reputation and a loss of sales and profits which Global would have made but for said acts of Defendant.

33.     Defendant has been unjustly enriched by its sale of "XOXO" products and Global is entitled to an accounting of Defendant's profits therefrom.

34.     Defendant's foregoing activities have damaged Global in an amount as yet unknown, but the damage to Global and the reputation of its XOXO brand, if continued, is believed to be in excess of $3,000,000.

COUNT II<br>[FALSE DESIGNATION OF ORIGIN]

35.     Global repeats and realleges the allegations of paragraphs 1 through 34 as if fully set forth herein.

36.     Defendant, in manufacturing, marketing, advertising, offering for sale, and selling its "XOXO" line of body care products, is likely to cause confusion, mistake, or deception in the trade and with the purchasing public as to the source or origin or sponsorship of said imitative items and/or is likely to cause the trade and/or the purchasing public to incorrectly believe that Defendant's "XOXO" body care products originate with, are endorsed by, or are otherwise associated with Global.

37.     The aforesaid activities of Defendant in selling its infringing line of "XOXO" body care products in commerce constitutes false descriptions, false representations, and false

designations of origin or sponsorship, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38.     By reason of the acts of Defendant as alleged herein, Global has, and will, suffer irreparable damage to its reputation and a loss of sales and profits which Global would have made but for said acts of Defendant.

39.     Defendant has been unjustly enriched by its sale of "XOXO" products and Global is entitled to an accounting of Defendant's profits therefrom.

40.     Defendant's foregoing activities have damaged Global in an amount as yet unknown, but the damage to Global and the reputation of its XOXO brand, if continued, is believed to be in excess of $3,000,000.

COUNT III
[COMMON LAW UNFAIR COMPETITION]

41.     Global repeats and realleges the allegations of paragraphs 1 through 40 as if fully set forth herein.

42.     Defendant has engaged in a course of unfair competition by manufacturing, marketing, advertising, offering for sale and selling products identical to Global's in bad faith, under a brand name identical to Global's brand.

43.     Upon information and belief, Defendant's acts alleged herein were made in bad faith, as Defendant knew or should have known of the existence of Global's XOXO brand and knew or should have known that XOXO branded body care products were being sold in the very same retail stores Defendant sought to sell its competing "XOXO" body care products.

44.     Upon information and belief, Defendant's acts alleged herein have been made for the dominant purpose and effect of passing off its line of body care products as Global's and to confuse buyers as to the source or origin of such products, or to otherwise trade on or

13

misappropriate the goodwill and reputation of Global, in violation of the common law of New York.

45.     By reason of the acts of Defendant as alleged herein, Global has, and will, suffer irreparable damage to its reputation and a loss of sales and profits which Global would have made but for said acts of Defendant.

46.     Defendant has been unjustly enriched by its sale of "XOXO" products and Global is entitled to an accounting of Defendant's profits therefrom.

47.     Defendant's foregoing activities have damaged Global in an amount as yet unknown, but the damage to Global and the reputation its XOXO brand, if continued, is believed to be in excess of $3,000,000.

COUNT IV<br>[TRADEMARK COUNTERFEITING]

48.     Global repeats and realleges the allegations of paragraphs 1 through 47 as if fully set forth herein.

49.     Defendant's use of "XOXO" is a spurious designation that is identical with and substantially indistinguishable from Global's mark for the identical services, registered by Global.

50.     Defendant's foregoing acts, by its use of the mark "XOXO," constitutes direct counterfeiting of Global's rights in and to its federally registered mark, XOXO.

51.     Defendant has intentionally used the mark XOXO knowing it is a counterfeit mark in connection with cosmetics and body care products.

52.     Defendant's acts have been committed with the knowledge that such imitation is intended to cause confusion or mistake, or to deceive the consumer and the public.

53.    Defendant's acts herein were undertaken without Global's permission, license or consent.

54.    The aforesaid activities of Defendant in using a counterfeit XOXO mark in connection with body care products violate Section 32 of the Lanham Act, 15 U.S.C. § 1114 et seq.

55.    As a result of Defendant's acts, Global has suffered and will suffer irreparable injury which has no adequate remedy at law.

56.    Global is entitled to an order preliminarily and permanently enjoining Defendant from engaging in the foregoing acts as provided under 15 U.S.C. § 1116(a).

57.    Global is entitled to three times the amount of Defendant's profits or Global's own damages, together with reasonable attorney's fees, as permitted by 15 U.S.C. § 1117.


WHEREFORE, Plaintiff Global Brand Holdings, LLC demands judgment against Defendant Advanced Beauty, Inc. as follows:

A.    Preliminarily and permanently enjoining Defendant and its officers, agents, servants, employees, attorneys and those persons, firms, or corporations acting in concert and participation with them from manufacturing, marketing, advertising, promoting, offering for sale, selling, purchasing, distributing, or in any other way becoming involved with items bearing the federally registered trademark XOXO in connection with body care products, toiletries and/or cosmetics;

B.    A finding that Defendant has infringed Global's federally registered trademark and has committed acts of unfair competition;

C. An accounting by Defendant to Global of any profit gained from the sale of its goods bearing Global's federally registered XOXO trademark;

D. Damages to Global, including damages for injury to Global's business reputation and goodwill, and all other damages arising out of Defendant's acts of unfair competition, in an amount to be determined, but if Defendant's activities are continued without abatement, in an amount of at least $3,000,000;

E. An award of three times the amount of Global's damages or Defendant's profits, whichever is greater;

F. An award of Global's attorney fees and costs;

G. Destruction of all remaining, unsold products of Defendant bearing the infringing "XOXO" trademark; and

H. Awarding such other and further relief as the Court may deem just and proper.

<u>JURY TRIAL DEMANDED</u>

Global demands a jury trial on all issues so triable by a jury.

Respectfully submitted,

GOTTLIEB, RACKMAN & REISMAN, P.C.
Attorneys for Plaintiff
270 Madison Avenue, 8th Floor
New York, NY 10016
(212) 684-3900
mmisthal@grr.com
ggottlieb@grr.com

By:  _____
Marc P. Misthal (MM-6636)
George Gottlieb (GG-5761)

Dated: December 2, 2014
New York, New York

# EXHIBIT A

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51, and 52

## United States Patent and Trademark Office

Reg. No. 2,960,690

Registered June 7, 2005

## TRADEMARK
### PRINCIPAL REGISTER

## XOXO

GLOBAL BRAND HOLDINGS, LLC (NEW YORK
    LTD LIAB CO)
1407 BROADWAY
NEW YORK, NY 10018

    FOR: PERFUME, TOILETRIES AND COSMETICS,
NAMELY, LIPSTICK, EYELINER, MASCARA AND
NAIL POLISH, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51
AND 52).

FIRST USE 12-1-2004; IN COMMERCE 12-1-2004.

SN 78-095,458, FILED 11-28-2001.

NORA BUCHANAN WILL, EXAMINING ATTOR-
NEY

# United States of America

## United States Patent and Trademark Office



**Reg. No. 4,451,971**

**Registered Dec. 17, 2013**

**Int. Cl.: 3**

**TRADEMARK**

**PRINCIPAL REGISTER**

GLOBAL BRAND HOLDINGS, LLC (NEW YORK LIMITED LIABILITY COMPANY)
1407 BROADWAY
NEW YORK, NY 10018

FOR: FRAGRANCES, PERFUMES, EAU DE TOILETTE, BODY LOTION, BODY CREAM, BODY WASH AND SHOWER GEL, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 1-11-2012; IN COMMERCE 1-11-2012.

OWNER OF U.S. REG. NOS. 2,009,243, 2,960,690, AND OTHERS.

THE MARK CONSISTS OF THE WORDS "MI AMORE" IN STYLIZED SCRIPT, WRITTEN ATOP THE LETTERS "XOXO".

THE ENGLISH TRANSLATION OF "MI AMORE" IN THE MARK IS "MY LOVE".

SN 85-588,448, FILED 4-4-2012.

LAURIE KAUFMAN, EXAMINING ATTORNEY



Deborah S. Cohn

Commissioner for Trademarks of the
United States Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office

# XOXO LUV

**Reg. No. 4,569,426**

**Registered July 15, 2014**

**Int. Cl.: 3**

**TRADEMARK**

**PRINCIPAL REGISTER**

GLOBAL BRAND HOLDINGS, LLC (NEW YORK LIMITED LIABILITY COMPANY)
1407 BROADWAY
NEW YORK, NY 10018

FOR: BODY CREAM; BODY LOTION; BODY WASH; EAU DE TOILETTE; FRAGRANCES; PERFUMES; SHOWER GEL, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 11-27-2013; IN COMMERCE 11-27-2013.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,960,690.

SN 85-906,443, FILED 4-17-2013.

JAMES STEIN, EXAMINING ATTORNEY



*Michelle K. Lee*

**Deputy Director of the United States
Patent and Trademark Office**

# EXHIBIT B